IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**LAURA J. BELL,**

      **Plaintiff,**

v.                                                      **Case No.: 5:20-cv-00265**

**ANDREW M. SAUL,
Commissioner of the
Social Security Administration,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

This action seeks a review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying Plaintiff's applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. The matter is assigned to the Honorable Frank A. Volk, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are Plaintiff's Motion for Judgment on the Pleadings and the Commissioner's Brief in Support of Defendant's Decision, requesting judgment in his favor. (ECF Nos. 16, 19).

For the following reasons, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's motion for judgment on the pleadings to the extent that it requests remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g);

1

**DENY** Defendant's request to affirm the decision of the Commissioner; **REVERSE** the final decision of the Commissioner; **REMAND** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this PF&R; and **DISMISS** this case, **with prejudice**, and remove it from the docket of the Court.

**I.   Procedural History**

In September 2016, Plaintiff Laura J. Bell ("Claimant") filed applications for DIB and SSI, alleging a disability onset date of April 5, 2016 due to "MDD severe, ptsd current, gad with panic attacks; MDD (Major Depressive Disorder) severe & recurrent; PTSD – chronic; GAD (Generalized Anxiety Disorder) w/panic attacks; borderline personality d/o; ETOH use disorder; lower back tailbone severed and removed; multiple head trauma; severed tendon left wrist – artery & vein in right; nerve pain in both arms and neck; [and] insomnia episodes that last for days." (Tr. at 629-41, 673). The Social Security Administration ("SSA") denied Claimant's applications initially and upon reconsideration. (Tr. at 16). Thus, Claimant requested an administrative hearing on her applications for benefits, which was held on February 25, 2019 before the Honorable Nathan Brown, Administrative Law Judge (the "ALJ"). (Tr. at 34-74). By written decision dated March 11, 2019, the ALJ found that Claimant was not disabled as defined by the Social Security Act. (Tr. at 13-33). The ALJ's decision became the final decision of the Commissioner on March 2, 2020 when the Appeals Council denied Claimant's request for review. (Tr. 1-7).

Claimant timely filed the present civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). (ECF No. 2). The Commissioner subsequently filed an Answer opposing Claimant's complaint and a Transcript of the Administrative Proceedings. (ECF Nos. 11, 12, 13). Claimant filed a Motion for Judgment on the Pleadings, and the Commissioner

filed a Brief in Support of Defendant's Decision. (ECF Nos. 16, 19). Consequently, the matter is fully briefed and ready for resolution.

## II. Claimant's Background

Claimant was 55 years old on her alleged onset date and 58 years old on the date of the ALJ's decision. (Tr. at 494). She completed high school, communicates in English, and previously worked as a graphic designer, Mac platform computer specialist, and Walmart cashier. (Tr. at 68, 672, 674).

## III. Summary of ALJ's Decision

Under 42 U.S.C. § 423(d)(5), a claimant seeking disability benefits has the burden of proving a disability. *See Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security regulations establish a five-step sequential evaluation process for the adjudication of disability claims. If an individual is found "not disabled" at any step of the process, further inquiry is unnecessary, and benefits are denied. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step in the sequence is determining whether a claimant is currently engaged in substantial gainful employment. *Id*. §§ 404.1520(b), 416.920(b). If the claimant is not, then the second step requires a determination of whether the claimant suffers from a severe impairment. *Id*. §§ 404.1520(c), 416.920(c). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id*. If severe impairment is present, the third inquiry is whether this impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4 (the "Listing"). *Id*. §§ 404.1520(d),

3

416.920(d). If so, then the claimant is found disabled and awarded benefits.

However, if the impairment does not meet or equal a listed impairment, the adjudicator must assess the claimant's residual functional capacity ("RFC"), which is the measure of the claimant's ability to engage in substantial gainful activity despite the limitations of his or her impairments. *Id.* §§ 404.1520(e), 416.920(e). After making this determination, the fourth step is to ascertain whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the impairments do prevent the performance of past relevant work, then the claimant has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, in the fifth and final step of the process, that the claimant is able to perform other forms of substantial gainful activity, given the claimant's remaining physical and mental capacities, age, education, and prior work experiences. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). The Commissioner must establish two things: (1) that the claimant, considering his or her age, education, skills, work experience, and physical shortcomings has the capacity to perform an alternative job, and (2) that this specific job exists in significant numbers in the national economy. *McLamore v. Weinberger*, 538 F.2d. 572, 574 (4th Cir. 1976).

When a claimant alleges a mental impairment, the SSA "must follow a special technique at each level in the administrative review process," including the review performed by the ALJ. 20 C.F.R. §§ 404.1520a(a), 416.920a(a). Under this technique, the ALJ first evaluates the claimant's pertinent signs, symptoms, and laboratory results to determine whether the claimant has a medically determinable mental impairment. *Id.* §§ 404.1520a(b), 416.920a(b). If an impairment exists, the ALJ documents his findings. Second, the ALJ rates and documents the degree of functional limitation resulting from

4

the impairment according to criteria specified in 20 C.F.R. §§ 404.1520a(c), 416.920a(c). Third, after rating the degree of functional limitation from the claimant's impairment(s), the ALJ determines the severity of the limitation. *Id.* §§ 404.1520a(d), 416.920a(d). A rating of "none" or "mild" in the four functional areas of understanding, remembering, or applying information; (2) interacting with others; (3) maintaining concentration, persistence, or pace; and (4) adapting or managing oneself will result in a finding that the impairment is not severe unless the evidence indicates that there is more than minimal limitation in the claimant's ability to do basic work activities. *Id.* §§ 404.1520a(d)(1), 416.920a(d)(1). Fourth, if the claimant's impairment is deemed severe, the ALJ compares the medical findings about the severe impairment and the rating and degree and functional limitation to the criteria of the appropriate listed mental disorder to determine if the severe impairment meets or is equal to a listed mental disorder. *Id.* §§ 404.1520a(d)(2), 416.920a(d)(2). Finally, if the ALJ finds that the claimant has a severe mental impairment, which neither meets nor equals a listed mental disorder, the ALJ assesses the claimant's residual mental functional capacity. *Id.* §§ 404.1520a(d)(3), 416.920a(d)(3). The regulations further specify how the findings and conclusion reached in applying the technique must be documented by the ALJ, stating:

> The decision must show the significant history, including examination and laboratory findings, the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4).

Here, the ALJ determined as a preliminary matter that Claimant met the insured status for disability insurance benefits through September 30, 2020. (Tr. at 19, Finding No. 1). At the first step of the sequential evaluation, the ALJ confirmed that Claimant had

5

not engaged in substantial gainful activity since April 5, 2016, the alleged disability onset date. (*Id.*, Finding No. 2). At the second step of the evaluation, the ALJ found that Claimant's severe impairments included: bilateral knee osteoarthritis/degenerative joint disease, degenerative disc disease of the lumbar spine, osteoarthritis of the cervical spine, degenerative joint disease of the right shoulder, varicose veins, obesity, bipolar disorder, and anxiety disorder. (*Id.*, Finding No. 3). The ALJ also considered Claimant's dermatitis, gastroesophageal reflux disease (GERD), and mild emphysema, but he found that the impairments were non-severe. (Tr. at 19). The ALJ further concluded that Claimant's left shoulder pain and neuropathy were not medically determinable impairments. (*Id.*). Under the third inquiry, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled any of the impairments contained in the Listing. (Tr. at 20-22, Finding No. 4). Accordingly, the ALJ determined that Claimant possessed:

> [T]he residual functional capacity to perform light work as [defined] in 20 CFR 404.1567(b) and 416.967(b) except she is able to lift/carry and push/pull 20 pounds occasionally, 10 pounds frequently. She is able to sit for six hours in an eight-hour workday, stand six hours in an eight-hour workday, and walk six hours in an eight-hour workday. She is able to operate foot controls bilaterally frequently. She is able to reach overhead to the right frequently. The claimant is able to climb ramps and stairs, balance, kneel, crouch, and crawl occasionally. She should never climb ladders, ropes, or scaffolds. She is able to stoop frequently. She should never work at unprotected heights. She is limited [to] occasional work with moving mechanical parts and in vibration. She is able to work in extreme cold frequently. The claimant is limited to a low stress environment [defined] as no fast-paced production or strict time quota requirements and occasional changes in work setting. She should not work around crowds or large groups of people.

(Tr. at 22-26, Finding No. 5).

At the fourth step, the ALJ determined that Claimant could perform her past relevant work as a graphic designer. (Tr. at 26-27, Finding No. 6). Consequently, the ALJ

concluded that Claimant was not disabled as defined by the Social Security Act. (Tr. at 27, Finding No. 7).

## IV.     Claimant's Challenge to the Commissioner's Decision

Claimant's sole challenge to the Commissioner's decision concerns the ALJ's finding that Claimant could perform her past relevant work as a graphic designer. (ECF No. 16 at 7-9). Specifically, Claimant argues that the vocational expert ("VE") classified her prior work as a composite job, combining the duties of a graphic designer and computer specialist. (*Id*. at 8). Claimant contends that the ALJ only determined that Claimant could perform the sedentary job of graphic designer, although the ALJ was supposed to evaluate whether Claimant was capable of performing both parts of the composite job. (*Id*.). She asserts that the distinction is important because the ALJ found her capable of performing a range of light-level work, and the VE testified that the computer specialist position required medium exertion, which could not be performed by someone with Claimant's characteristics and RFC. (*Id*.).

In response to Claimant's challenge, the Commissioner states that the regulations provide that a claimant retains the capacity to perform past relevant work if the claimant can perform the functional demands of the job as it is generally performed or as the claimant actually performed it. (ECF No. 19 at 6). The Commissioner cites that Claimant testified that her graphic designer job, as she actually performed it, consisted of sitting six to seven hours per day, frequently lifting ten pounds, and never lifting over ten pounds. (*Id*. at 7). Therefore, the Commissioner contends that the ALJ correctly concluded that Claimant could perform her past relevant work as she actually performed it at the sedentary level. (*Id*. at 7-8). In addition, the Commissioner argues that the VE's testimony concerning a composite job only related to Claimant's work for one particular employer,

7

and Claimant did other graphic design work for other employers for long enough that it qualified as past relevant work. (*Id.* at 9-10).

V. **Relevant Evidence**

The undersigned has reviewed all of the evidence before the Court. The following evidence is most relevant to the issues in dispute.

### A. *Treatment Records and Opinion Evidence*[1]

Claimant was diagnosed with several mental health conditions following a hospitalization in August and September 2016. (Tr. at 765, 794, 871, 874-75). She received follow-up outpatient treatment. (Tr. at 891, 896, 942-54, 1038-49, 1434-75, 1551-59). Claimant was also diagnosed with neuropathy in her hands, low back pain, osteoarthritis, pain in her right hip, venous insufficiency, bilateral knee pain, and degenerative changes in her right shoulder. (Tr. at 87-104, 135, 967-68, 989, 994, 1000, 1005, 1015, 1125-1306, 1309, 1488-89, 1494). Claimant was prescribed medication, received cortisone injections, and participated in physical therapy. (Tr. at 87-104, 967-68, 1031-34, 1065-69, 1094-1108, 1388-1431, 1521-38, 1570-72). She was again hospitalized again in 2019. (Tr. at 180).

Narendra Parikshak, M.D., and Dominic Gaziano, M.D., concluded on December 16, 2016 and August 4, 2017, respectively, that Claimant could perform a range of work at the medium exertional level based on the physicians' review of Claimant's medical records. (Tr. at 503-04, 531-32).

### B. *VE Testimony*

During Claimant's administrative hearing on February 25, 2019, the ALJ asked a VE to testify concerning Claimant's employment background. The VE responded that

---

[1] An abbreviated summary of Claimant's medical history and the opinion evidence is provided because such evidence has no direct bearing on the issue before the Court.

8

Claimant worked for the Federal Reserve Bank of Dallas from 1990 to 2005 in a composite position as a graphic designer—a sedentary position—and as a Mac platform specialist—a medium exertional level position. (Tr. at 68). The VE explained that the combined job thus required medium exertion. (*Id.*). The VE stated that Claimant then worked again as a graphic designer. (*Id.*). The ALJ posed a hypothetical question regarding an individual with Claimant's characteristics and RFC to perform limited range of light work, and the VE stated that such person could perform Claimant's past job as a graphic designer, but not as a computer specialist. (Tr. at 69).

### C. Claimant's Statements

Claimant testified during her administrative hearing that she stopped working in 2016 when she lost her job because she was missing so much work due to depression. (Tr. at 60). Claimant confirmed that she worked for the Federal Reserve Bank of Dallas as a graphic designer and a Mac OS administrator. (Tr. at 61). She testified that she spent 50 percent of her time performing graphic design duties and 50 percent of her time maintaining the Mac operating platform. (*Id.*). Claimant stated that she left that job voluntarily due to mental health issues and moved to South Carolina to live near her sister. (Tr. at 61-62). While there, Claimant worked for J.R. Rowell Printing Company as a graphic designer and prepress worker in which she would make designs and transfer them to printing plates. (Tr. at 61, 62). She was also the manager of the IT department for that employer. (*Id.*). Thereafter, Claimant worked in graphic design at Direct Marketers, briefly returned to J.R. Rowell Printing Company, was a cashier at Walmart, and worked for Lowe's. (Tr. at 63-64).

### D. Earnings Record

As relevant to this action, Claimant worked for Federal Reserve Bank of Dallas

from 1990 to 2005. (Tr. at 644-46). She then worked for J.R. Rowell Printing Company in 2005, Direct Marketers of Charleston in 2005, and J.R. Rowell Printing Company again in 2006. (Tr. at 646).

## VI. Scope of Review

The issue before the Court is whether the final decision of the Commissioner is based upon an appropriate application of the law and is supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") defined "substantial evidence" to be:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock*, 483 F.2d at 776 (4th Cir. 1973) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). When examining the Commissioner's decision, the Court does not conduct a *de novo* review of the evidence to ascertain whether the claimant is disabled. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Instead, the Court's role is limited to ensuring that the ALJ followed applicable Regulations and Rulings in reaching his decision, and that the decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456. If substantial evidence exists, the Court must affirm the Commissioner's decision "even should the court disagree with such decision." *Blalock*, 483 F.2d at 775.

## VII. Discussion

Claimant argues that the ALJ's finding that she could return to her past relevant work as a graphic designer is not supported by substantial evidence. "Generally, a

claimant will be found not disabled at step four of the five-step disability determination if she maintains the RFC to perform her past relevant work, either as she actually performed it or as it is generally performed in the national economy." *Carothers v. Saul*, No. 1:18-CV-00330-MR, 2019 WL 4979978, at *3 (W.D.N.C. Oct. 8, 2019) (citing Social Security Ruling (SSR) 82–61, 1982 WL 31387, at *2 (1982) and 20 C.F.R. §§ 404.1560(b), 416.960(b)). Past relevant work is defined as substantial gainful activity that the claimant performed within the past 15 years, which lasted long enough for the claimant to learn to do the job. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). Notably, if the claimant's past relevant work was a "composite job," which is a job that has significant elements of two or more occupations, then it has no counterpart in the *Dictionary of Occupational Titles* (DOT), and the ALJ cannot consider at step four of the analysis whether the claimant could perform the job as it is generally performed in the national economy. SSR 82-61, 1982 WL 31387, at *2; Program Operations Manual System (POMS) DI 25005.020, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005020 (last accessed Jan. 27, 2021). If the ALJ determines that the claimant's past relevant work was a composite job, the ALJ must evaluate the particular facts of each individual case and determine whether the claimant retains the RFC to perform all parts of the job as he or she actually performed it. *Id.*

In this case, the ALJ asked the VE during Claimant's administrative hearing to classify Claimant's past jobs as they were actually and generally performed. (Tr. at 67). The VE testified that Claimant worked from 1990 to 2005 for the Federal Reserve Bank of Dallas in a composite position as a graphic designer, which was a sedentary position, and as a Mac platform specialist, which was a medium exertional level position. (Tr. at 68). As such, the composite job was classified as requiring medium exertion. (*Id.*). The

11

ALJ posed a hypothetical question regarding an individual with Claimant's characteristics and RFC to perform a limited range of light work, and the VE stated that the person could carry out the position of graphic designer, but could not work as a computer specialist. (Tr. at 69).

Despite the above testimony, the ALJ did not mention the composite nature of Claimant's prior work in the decision. Rather, the ALJ stated that "[t]he record establishes that Claimant worked as a graphic designer from 1990 to 2005." (Tr. at 27). The ALJ concluded that Claimant's graphic design work was performed at or above the level of substantial gainful activity within the past 15 years of long enough duration for Claimant to fully learn the duties of the job. (*Id.*). Therefore, the ALJ found that it qualified as past relevant work. (*Id.*). The ALJ compared Claimant's RFC for a limited range of light level work with the physical and mental demands of the graphic designer position and concluded that Claimant could perform the job as she actually performed it and as it is generally performed. (*Id.*). The ALJ stated that the DOT provides that the job of graphic designer is normally performed at the sedentary exertional level, and Claimant likewise described her past work as a graphic designer at the sedentary exertional level. (*Id.*). Therefore, the ALJ determined at step four of the sequential evaluation that Claimant's impairments did not preclude her from performing her past relevant work as a graphic designer. (*Id.*). The ALJ did not make any alternative findings that Claimant could perform other jobs.

Based on the above, the ALJ misclassified Claimant's past relevant work from 1990 to 2005 as solely a graphic designer position when the evidence demonstrated that it was a composite position of graphic designer and computer specialist. In doing so, the ALJ erroneously isolated one component of Claimant's past work and concluded that Claimant

12

was not disabled because she could perform one part of the composite job. SSR 82-61, 1982 WL 31387, at *2; POMS DI 25005.020; *Lewis v. Saul*, No. 1:17CV1115, 2020 WL 33118, at *4 (M.D.N.C. Jan. 2, 2020) (remanding because the ALJ "clearly divided the demands of a composite job, as described at length by the Plaintiff and the vocational expert, into separate positions and found Plaintiff capable of performing only the least demanding job"). Importantly, Claimant testified that 50 percent of her job at the Federal Reserve Bank of Dallas was as a computer specialist maintaining the Mac operating platform. (Tr. at 61). The VE testified that the computer specialist position, and indeed the composite job, required medium exertion. (Tr. at 68). Yet, the ALJ entirely disregarded this issue, as well as the relevant law regarding composite work, in classifying Claimant's past relevant work as a straightforward sedentary graphic designer position.

The composite nature of Claimant's prior work was critical because the ALJ assessed that Claimant could perform a range of light level work. Therefore, while Claimant's RFC would allow her to perform the sedentary graphic designer position, it would likely preclude her from performing the composite job of graphic designer and computer specialist, which required medium exertion. The ALJ's lack of explanation precludes meaningful review of the ALJ's decision and renders the step four finding unsupported by substantial evidence. If the ALJ concluded that Claimant's past relevant work was not a composite job, for some reason, it warranted sufficient explanation given the substantial evidence in the record to the contrary. *See, e.g., Broom v. Berryhill*, No. 1:16-CV-00112-RJC, 2017 WL 6503652, at *4 (W.D.N.C. Dec. 19, 2017) (remanding because the ALJ did not adequately explain whether or not the claimant's past relevant work qualified as a composite job).

In addition, considering whether the ALJ's error was harmless, the short period that Claimant worked solely as a graphic designer after her composite work at the Federal Reserve Bank of Dallas does not supply the substantial evidence necessary to support the ALJ's decision, because the ALJ did not identify those graphic designer positions as Claimant's past relevant work. Instead, he identified the *composite* position as the past relevant work. *See* (Tr. at 27) (stating that Claimant worked as a graphic designer from 1990 to 2005, the same period that the VE testified that Claimant worked in a composite position). If the ALJ concluded that Claimant's prior jobs as only a graphic designer in 2005 and 2006 qualified as past relevant work, the ALJ should have explained his finding. Claimant argues that she did not work solely as a graphic designer long enough to have it qualify as past relevant work, and the job duties of those positions differed from the requirements of her composite graphic designer/computer specialist position. The ALJ did not address the length of time Claimant worked solely as a graphic designer, or the difference in job duties between those positions and her earlier composite position. The ALJ simply divided the composite position into two parts and found that Claimant could perform the less demanding part. The Court cannot independently determine Claimant's past relevant work or substitute its analysis for the ALJ. In sum, the ALJ's decision lacks sufficient analysis and discussion at step four to support the ALJ's decision.

Furthermore, the ALJ failed to develop or elaborate upon the exertional demands of Claimant's past relevant work as she actually performed it. If the ALJ found that Claimant's past relevant work was a composite job, as the VE testified, the ALJ was prohibited from concluding at step four that Claimant could perform the job as it is generally performed because a composite job does not have any counterpart in the DOT. SSR 82-61, 1982 WL 31387, at *2; Program Operations Manual System (POMS) DI

14

25005.020, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005020 (last accessed Jan. 27, 2021). Therefore, the step four determination is contingent on whether Claimant could perform her past relevant work as she actually performed it. The undersigned notes that it is possible that Claimant's past relevant work as a computer specialist was actually performed at the sedentary or light level. However, the record is not clear on that point because the ALJ did not discuss or develop the issue in any manner. That missing analysis is critical to the step four determination. Claimant's work history report defined the exertional demands of the graphic designer position as Claimant actually performed it, but it does not mention the exertional demands of the computer specialist position. (ECF No. 696). In terms of other evidence, the VE was called to classify the exertional demands of Claimant's prior work as she actually performed it and it is generally performed, and the VE testified that the Mac platform specialist job required medium exertion. (Tr. at 68). However, the VE referenced a DOT classification, 039.264-010. (*Id.*). Therefore, it is unclear whether the job was a medium-level job as Claimant performed it, or merely as it is generally performed. As noted, with a composite job, the ALJ should assess the manner in which the claimant actually performed the various components and determine whether Claimant can perform the functional demands of all of them.

For all of the above reasons, the undersigned **FINDS** that the ALJ's step four analysis is not supported by substantial evidence. Accordingly, the undersigned **RECOMMENDS** that the Commissioner's decision be **REVERSED** and that this case be **REMANDED** so that the ALJ may reexamine or elaborate upon his step four analysis of Claimant's ability to return to her past relevant work.

## VIII. Recommendations for Disposition

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings herein and **RECOMMENDS** that the District Judge **GRANT** Plaintiff's request for judgment on the pleadings, (ECF No. 16), to the extent that it requests remand of the Commissioner's decision; **DENY** Defendant's request to affirm the decision of the Commissioner, (ECF No. 19); **REVERSE** the final decision of the Commissioner; **REMAND** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this PF&R; and **DISMISS** this action from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank A. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Judge and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to

the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to counsel of record.

**FILED:** February 3, 2021

Cheryl A. Eifert
United States Magistrate Judge