UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

LAURA J. BELL

     Plaintiff,

v.                                     CIVIL ACTION NO. 5:20-cv-00265

ANDREW M. SAUL,
Commissioner of the
Social Security Administration,

     Defendant.

### ORDER

Pending are Plaintiff's Motion for Judgment on the Pleadings [Doc. 16], filed October 26, 2020, and Defendant's Brief in Support of the Commissioner's Decision [Doc. 19], filed December 17, 2020.

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on February 2, 2021. In her PF&R, Magistrate Judge Eifert concluded that the Administrative Law Judge ("ALJ") erred when he misclassified Plaintiff's past relevant work as solely a graphic designer position when the evidence demonstrated that it was a composite position of graphic designer and computer specialist. In doing so, Magistrate Judge Eifert found that the ALJ erroneously isolated one component of Plaintiff's past work and concluded that she was not disabled given that she could perform one part of the composite job. Plaintiff testified that fifty percent of her job at the Federal Reserve Bank was a computer specialist, which the Vocational Expert ("VE") testified required medium exertion. The ALJ,

however, disregarded this issue and the relevant law regarding composite work in classifying Plaintiff's past relevant work as a straightforward sedentary graphic designer.

Magistrate Judge Eifert determined that the composite nature of Plaintiff's prior work was critical given the ALJ's assessment that Plaintiff could perform a range of light level work. Specifically, Magistrate Judge Eifert concluded that while Plaintiff's residual functional capacity allowed her to perform the graphic designer position, it would likely preclude her from performing the composite job of graphic designer and computer specialist, which required medium exertion. Magistrate Judge Eifert thus concluded that the ALJ's lack of explanation on this point precluded meaningful review of the ALJ's decision, rendering the step four finding of the sequential evaluation process unsupported by substantial evidence. Additionally, Magistrate Judge Eifert found that the ALJ failed to develop or elaborate upon the exertional demands of Plaintiff's past relevant work as she actually performed it. Accordingly, Magistrate Judge Eifert recommended that the Court grant Plaintiff's motion for judgment on the pleadings to the extent that it requests remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g); deny Defendant's request to affirm the decision of the Commissioner; reverse the final decision of the Commissioner; remand the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the PF&R; and dismiss the case with prejudice and remove it from the docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis

added). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on February 22, 2021. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 20**], **GRANTS** Plaintiff's request for judgment on the pleadings [**Doc. 16**], to the extent that it requests remand of the Commissioner's decision; **DENIES** Defendant's request to affirm the decision of the Commissioner [**Doc. 19**]; **REVERSES** the final decision of the Commissioner; and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. 405(g) for further administrative proceedings consistent with the PF&R; and **DISMISSES** the matter with prejudice.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTERED: March 1, 2021

Frank W. Volk
United States District Judge